IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 10-121-2 |
| LAMONT PAIGE | : | |

## MEMORANDUM

**Chief Judge Juan R. Sánchez**                                             **June 7, 2023**

Defendant Lamont Paige is again moving for early, "compassionate" release from the 280-month prison sentence he received for armed bank robbery in March 2011. Paige has still not made the showing necessary to warrant the relief sought under 18 U.S.C. § 3582(c)(1)(A). Consequently, his motion will be denied.

## FACTUAL BACKGROUND

Paige was charged in a one-count Indictment filed on March 4, 2010 with committing armed robbery of the Tru-Mark Financial Credit Union in Jenkintown, Pennsylvania on January 20, 2010. During the robbery, Paige and his co-defendant threatened and ordered the Credit Union's employees to their knees using a handgun. Paige was arrested on March 24, 2010, tried and convicted in September, 2010, and his motions for judgment of acquittal and new trial were denied on March 22, 2011. Because he was designated a career criminal, Paige was sentenced on March 22, 2011 to a term of imprisonment of 280 months, to be followed by five years of supervised release. On appeal, the judgment of conviction and sentence were affirmed. Paige also filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 on

November 19, 2014, which was denied on September 26, 2017.  His request for a Certificate of

Appealability was also denied and the denial was upheld by the Third Circuit.

Beginning on April 12, 2021, Paige filed a series of letter motions/requests seeking

compassionate release in this Court.[1]  Following this Court's denial of his first compassionate

release motion, Paige did not appeal.  Instead, he filed the instant Pro Se Motion for Compassionate

Release on March 1, 2023.

**DISCUSSION**

As noted, Paige moves for a second time to reduce his 280-month sentence pursuant to 18

U.S.C. § 3582(c)(1)(A).  Paige contends extraordinary and compelling circumstances are present

in his case because he was improperly classified and sentenced as a career criminal, he continues

to rehabilitate himself, several family members have died since his incarceration, and he previously

contracted COVID-19.  Paige also states he now has two young grandchildren for whom he would

like to serve as a positive role model.  As with Paige's previous motion, these grounds fail to justify

his early release.

Although generally, a term of imprisonment may not be modified once imposed, 18 U.S.C.

§ 3582(c)(1)(A) permits courts to grant early, "compassionate" release if, inter alia, "extraordinary

and compelling" reasons warrant it and the reduction is consistent with applicable policy

statements issued by the Sentencing Commission.  *Dillon v. United States*, 560 U.S. 817, 819

(2010) (quoting 18 U.S.C. § 3582(c)).  Extraordinary and compelling reasons may be found where

"the defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or

mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of

---

[1]  See letters dated April 12, 2021, June 11, 2021, and July 9, 2021 (ECF Nos. 153, 154 and 155).
The Court treated these filings as one § 3582(c)(1)A) motion which was denied in a Memorandum
Opinion issued on March 9, 2022.

his or her term of imprisonment, whichever is less."  U.S.S.G. § 1B1.13 cmt. n.1(B).  Other examples of extraordinary and compelling circumstances include suffering from a serious physical or mental condition, a terminal illness, serious functional or cognitive impairment, and the death or incapacitation of the caregiver of defendant's minor children. *Id*. at cmt. n.1(C).  In determining the propriety of release, courts must also consider whether any of the factors outlined in 18 U.S.C. § 3553(a) are applicable including the defendant's history, the seriousness of the offense, and the need to promote respect for the law, provide just punishment, protect the public, and afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(1), 2(A)-(C).

Paige first asserts that he is continuing to rehabilitate himself in prison by working two jobs, assisting with 37 programs, implementing anger management skills, and working hard to follow his religious beliefs.  While the Court commends Paige for his efforts, "rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason," and rehabilitation, without more, cannot serve as the basis for granting compassionate release. *United States v. Coleman*, 848 F. App'x 65, 66 (3d Cir. 2021); 28 U.S.C. § 994(t).

Paige next raises the deaths of several family members, specifically his brother, mother, father, and stepmother as grounds for early release.  While Paige has this Court's deepest condolences, these losses do not justify early release either.  Paige also states he is eager to meet his two grandchildren and serve as their role model, but this again does not establish extraordinary and compelling reasons warranting release.  Paige makes no showing, for example, that he now needs to serve as the children's primary caregiver.

Paige again cites an earlier bout with COVID-19 as another reason for his release.  As noted in this Court's previous Memorandum Opinion, however, Paige fully recovered in less than two weeks and was largely asymptomatic.  Mem. Mot. Comp. Rel. 8, ECF No. 163.  He also

received all available vaccines to protect him from further risk. Paige references no new medical conditions and apparently contracted COVID-19 only once.  Thus, the Court reiterates its earlier finding that Paige's health does not present extraordinary and compelling circumstances justifying release and even if they did, after application of those factors relevant under § 3553(a), Paige still does not qualify for relief.  Paige has a lengthy criminal record, including two prior felony convictions and several low-level drug trafficking convictions and he makes no showing to refute the Court's prior determination that 280 months' incarceration is appropriate to reflect the seriousness of his offense, promote respect for the law, provide just punishment, deter him from committing future criminal acts, and to protect the public. 18 U.S.C. §§ 3553(a)(1), (2)(A)-(C). These objectives remain best fulfilled by Paige's completion of his sentence.

As a further ground for early release, Paige again challenges the validity of his status as a career criminal.  Previously, Paige raised this argument both on direct appeal of his conviction and sentence and in a Motion to Vacate, Set Aside or Correct Sentence first filed on October 20, 2014 pursuant to 28 U.S.C. § 2255 and later amended.  ECF Nos. 113, 116, 126, 127 135.  As noted in this Court's Order of September 26, 2017 denying Paige's § 2255 motion, he was properly determined to be a career offender based on his two prior felony convictions for drug trafficking offenses and sentenced accordingly.  ECF No. 141.  "Motions pursuant to § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences." *Okereke v. United States*, 307 F.2d 117, 120 (3d Cir. 2002).  Defendants are only allowed to file one § 2255 motion unless: (1) there is newly discovered evidence which if proven would be sufficient to establish that no reasonable factfinder would have found them guilty, or (2) there exists "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. §§ 2244(a), 2255(h).  The newly

discovered evidence rule does not apply to evidence that would have led to a shorter sentence. There is also a 1-year statute of limitations period for § 2255 motions. *Kapral v. United States*, 166 F.3d 565, 567 (3d Cir. 1999); 28 U.S.C. § 2255(f).  A motion for compassionate release is not an avenue to circumvent the rules of a § 2255 motion. *United States v. Musgraves*, 840 F. App'x 11, 13 (7th Cir. 2021) ("Compassionate release is a mechanism for inmates to seek a sentence reduction for compelling reasons, not for remedying potential errors in a conviction."); *United States v. Albanese,* Crim. A. No. 97-359, 2021 U.S. Dist. LEXIS 109596, *7-8 (E.D. Pa. June 11, 2021) ("Convictions and sentences can be challenged on direct appeal or in the habeas forum, but not in a compassionate release motion under 18 U.S.C. § 3582 (c)(1)(A).").

Hence, Paige's objection to his sentencing enhancement is unavailing.  The essence of his argument is that the conviction used to label him a career criminal was based on a misdemeanor offense given he was acquitted of and/or the felony charges against him in that case were dismissed.  While Paige is correct that he was convicted of only a misdemeanor in state case number CP-46-CR-6895-1998, both this Court and the Third Circuit nevertheless previously held he was properly sentenced in this case under the career criminal enhancement based on his other prior felony convictions.[2]  His effort to overturn his sentence through a motion for compassionate release therefore fails.

Finally, Paige argues his sentencing enhancement for possession of a firearm was improper because eyewitnesses stated Paige was not in possession of a gun.  This argument also

---

[2]  A defendant is a career offender if  "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1.  At the time he committed the robbery at issue, Paige had previously pleaded guilty to and/or was convicted of multiple felonies involving controlled substances.  Pre-Sentence Invest. Report ("PSIR") 7-11.

fails for the reason that it is properly the subject of a § 2255 motion, for which Paige has not obtained the prior certification from the Third Circuit, a necessary pre-requisite to its filing. *See* 28 U.S.C. § 2255(h). The argument also fails, however, because accomplice liability in Pennsylvania allows Paige to be convicted because his co-defendant used a gun. The gun was used to advance their mutual criminal objective—robbery—and Paige's continued participation reflects his "complicity." 18 Pa. Cons. Stat. § 306.

For all of the above reasons, Paige's second motion for compassionate release is denied. An appropriate Order follows.

BY THE COURT:

/s/  Juan R. Sánchez

_____

Juan R. Sánchez,          C.J.